**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:     (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com

08 CV 01468

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

J. BEKKERS & CO. AND INNOVATION INC.

                Plaintiffs,

              - against -

RELIANCE INDUSTRIES LTD.

                Defendant.
------------------------------------------------------------X

08 CIV ____ (___)

**VERIFIED COMPLAINT**

Plaintiffs, J. BEKKERS & CO. ("Bekkers") and INNOVATION INC. ("Innovation") ("Plaintiffs"), by their attorneys, LAW OFFICES OF RAHUL WANCHOO, allege on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2. At all material times, Plaintiff Bekkers was and now is a foreign corporation organized under and existing by virtue of the laws of The Netherlands, was the owner of the M.T. FALCON CHEMIST now renamed the M.T. INNOVATION, a tanker of about 6,804 deadweight tons capacity engaged in the carriage of oil cargo by water.

3. At all material times, Plaintiff Innovation was and now is a foreign corporation organized under and existing by virtue of the laws of The Republic of Liberia, and is the owner of the M.T. INNOVATION (the "Vessel"), a tanker of about 6,804 deadweight tons capacity engaged in the carriage of oil cargo by water.

4. Upon information and belief, at all material times, Defendant, RELIANCE INDUSTRIES LTD. ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of India, and was the charterer of the Vessel.

5. Plaintiffs' claims arise out of and in connection with three separate voyages performed for Defendant by the Vessel under three separate maritime charter party contracts.

## CLAIMS OF PLAINTIFF BEKKERS

6. Pursuant to a charter party contract on the ASBATANKVOY form dated January 9, 2002, Plaintiff Bekkers, as owner, chartered the Vessel to the Defendant, as charterer, for a voyage from Kandla, India to Gresik, Java Indonesia.

7.    In performing the charter, Plaintiff Bekkers contended that it was entitled to demurrage in the principal amount of $6,145.83, which Defendant failed and refused to pay despite due demand.

8.    Pursuant to the terms of the charter, disputes arising under the charter were submitted to arbitration in London before a sole arbitrator.

9.    In accordance with the Award of the arbitrator (Exhibit A), Plaintiff Bekkers is entitled to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim: | $5,568.42 |
| B. | Accrued interest:<br>5% at 3-month rests,<br>03/01/02 – 10/03/02 | $ 283.69 |
| C. | Accrued interest:<br>7% at 3-month rests,<br>10/04/02 – 01/31/08 | $2,447.53 |
| D. | Costs of reference:<br>(£750.00 @ $1.9561) | $1,467.08 |
| E. | Interest on "D":<br>6% at 3-month rests<br>10/04/02 – 01/31/08 | $538.50 |
| F. | Recoverable costs: | $12,000.00 |
| G. | Interest on "F":<br>6% at 3-month rests<br>10/04/02 – 01/31/08 | $4,404.69 |
| | Total: | $26,709.91 |

10.   Defendant has not paid any of the above amounts.

11.   Defendant has not appealed from or otherwise moved to set aside the Award, and Defendant's time for doing so has passed.

3

## CLAIMS OF PLAINTIFF INNOVATION

12. Pursuant to a charter party contract on the ASBATANKVOY form dated January 2, 2004, Plaintiff Innovation, as owner, chartered the Vessel to the Defendant, as charterer, for a voyage from Mumbai, India to Cochin, India.

13. In performing the aforementioned charter, the Vessel incurred demurrage in the total amount of $9,987.38, which was invoiced to Defendant by means of an Invoice No. 05/025 dated March 31, 2006

14. Despite repeated demands, Defendant has refused to pay the $9,987.38 owed in demurrage on the voyage of the Vessel described in paragraph 12.

15. Pursuant to a charter party contract on the ASBATANKVOY form dated March 31, 2004, Plaintiff Innovation, as owner, chartered the Vessel to the Defendant, as charterer, for a second voyage from Mumbai, India to Cochin, India.

16. In performing the aforementioned charter, the Vessel incurred demurrage in the total amount of $3,732.63, which was invoiced to Defendant by means of an Invoice No. 05/024 dated March 31, 2006

17. Despite repeated demands, Defendant has refused to pay the $3,732.63 owed in demurrage on the voyage of the Vessel described in paragraph 15.

18. The total amount of demurrage due and owing by Defendant under the two charter party contracts is and continues to be $13,720.01.

19. The two charter party contracts provide that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the full principal amount of the demurrage claim outlined above, Plaintiffs also seek an attachment over an additional sum to cover interest as well as their anticipated attorneys' fees and

costs, all of which are recoverable in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI,* 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

20. Plaintiff Innovation estimates, as best as can be presently calculated, these additional damages and costs to be $13,735.48, comprised of interest in the sum of $1,735.48 (computed on the principal amount of the demurrage owed of $13,720.01 at a rate of 6% compounded quarterly for a period of 2 years – the estimated time frame within which the arbitration will be completed), and $12,000 estimated English counsel fees and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

21. Plaintiff Innovation's total claim against Defendant for which it seeks security herein is $27,455.49 ($13,720.01 + $13,735.48).

## TOTAL AMOUNT SOUGHT TO BE ATTACHED

22. Based upon the foregoing, therefore, the total amount sought to be attached by Plaintiffs in this action is $54,165.40 ($26,709.91 + $27,455.49).

23. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

24. Plaintiffs bring this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiffs' claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Reliance Industries Ltd., that it be personally cited to appear and answer the matters set forth above;

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiffs' claims of $54,165.40, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiffs, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiffs such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
February 12, 2008

                                          **LAW OFFICES OF RAHUL WANCHOO**
                                          Attorneys for Plaintiffs
                                          J. Bekkers & Co. and Innovation Inc.

                                      By: _/s/ Rahul Wanchoo_____
                                              Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiffs.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiffs is that Plaintiffs are foreign corporations and are not within this District.

_____
Rahul Wanchoo

Sworn to and subscribed to
before me this 11th day of
February, 2008

_____
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012